I concur specially merely to note my dissent in Tatum v.Schering Corp., 523 So.2d 1042, 1047-63 (Ala. 1988), which explains why I cannot equate damages for wrongful death with punitive damages qua punitive damages (page 1050) and why I think this Court should correct its prior mistake of allowing only "punitive damages" to be recovered in a wrongful death case (pages 1062-63). This Court has held that there was no right to a trial by jury in a wrongful death case at common law; therefore, there is no constitutional requirement that the jury set the amount of punitive damages in a wrongful death case, although there is such a requirement in other cases involving punitive damages. (See, Charter Hospital of Mobile,Inc. v. Weinberg, 558 So.2d 909 (Ala. 1990) (Houston, J., concurring specially, 558 So.2d at 913). Therefore, in a wrongful death case a post-trial review, of a punitive damages assessment only, would not violate any constitutional provision, Hammond v. City of Gadsden, 493 So.2d 1374 (Ala. 1986), and Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala. 1989); see, Olympia Spa v. Johnson, 547 So.2d 80 (Ala. 1989), for an analysis employed by me in applying the Green Oil Co. test in a wrongful death case (Houston, J., concurring in part and concurring in the result in part, 547 So.2d at 88-90); however, it would violate the legislative mandate ("and recover such damages as the jury may assess") of Alabama Code 1975, §6-5-410(a). As long as we retain our peculiar system of assessing damages in wrongful death cases, unless we dispense "burnt toast" justice by setting the amount of damages by a ukase of this Court, I know of no other way to test the amount of the award when it is attacked as being excessive or inadequate.